IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
MARYLAND
(SOUTHERN DIVISION)

| | | |
|---|---|---|
| KIM LONDON | * | |
| Plaintiff, | * | |
| v. | * | Case No. 8:21-cv-01497-AAQ |
| | * | |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, *et al* | * | |
| Defendants. | * | |

**MEMORANDUM OPINION AND ORDER**

This is a case concerning a woman who was seated in a vehicle which was side-swiped by a public bus. Pending before the Court is Defendant Washington Metropolitan Area Transit Authority's Motion for Summary Judgment. ECF No. 29. The basis for the pending Motion is relatively straightforward. Plaintiff Kim London conceded during her deposition that she had been involved in other accidents and been diagnosed with other conditions affecting the same parts of her body allegedly injured in the accident in this case. Nonetheless, Plaintiff, at a minimum, failed to disclose a summary of her expert's opinions. However, given (1) the lack of a trial date; (2) Plaintiff's ability to cure the deficiency after a brief extension of the discovery period; and (3) the importance of the testimony that would otherwise be excluded, the proper remedy for this failure is a brief amendment of the Scheduling Order. Accordingly, for the aforementioned reasons and the reasons discussed below, Defendant's Motion for Summary Judgment shall be denied without prejudice.

**BACKGROUND**

1

On December 2, 2019, at approximately 6 P.M. Eastern Standard Time, Plaintiff Kim London was seated in the passenger seat of a vehicle parked in Washington, D.C. ECF No. 30-3, at 1-2. At that time, a Washington Metropolitan Area Transit Authority ("WMATA") bus struck the vehicle. *Id.* at 2. As a result, Plaintiff alleges that she developed pain in her left wrist and her left shoulder. ECF No. 1-4, at 2. Although Plaintiff did not immediately seek medical treatment, she sought treatment approximately two days later at the University of Maryland's Prince George's Hospital Center, where she reported pain in her left wrist, left hand, and on the left side of her neck. ECF No. 30-4, at 2. At the hospital, medical staff took an x-ray of Plaintiff's hand. ECF No. 29-3, at 6. The staff concluded that Plaintiff had arthritis, which the accident had "lightly aggravated." *Id. See also id.* at 7 (confirming that Plaintiff believes that she already had arthritis, but the accident made it worse). The final diagnosis was that Plaintiff had experienced a left wrist strain. ECF No. 30-4, at 2.

Plaintiff initially filed suit in the District Court of Maryland for Prince George's County. ECF No. 1-4. Plaintiff's Complaint alleged one count of negligence against the driver of the bus and a second count seeking relief from WMATA on the basis of respondeat superior liability. *Id.* at 1-3. Plaintiff's Complaint sought $15,000 for injuries to her left wrist and shoulder. *Id.* at 2. On June 16, 2021, Defendant removed the case to this Court on the basis of MD CODE ANN., Transportation Article, §10-204(81), which specifically grants federal courts original jurisdiction over suits against WMATA. ECF No. 1, at 2.

The course of discovery and related disclosures in the case has been slower than initially planned. On June 24, 2021, the Honorable Paul W. Grimm entered a Scheduling Order, pursuant to which Plaintiff was required to make all expert disclosures by September 13, 2021, and all fact

discovery had to be completed by December 20, 2021.[1]  ECF No. 9, at 2.  On December 20, 2021, Defendant filed a letter with the Court, stating its intention to file a Motion to Compel resulting from Plaintiff's alleged failure to respond to Defendant's interrogatories and to schedule Plaintiff's deposition.  ECF No. 15.  On January 31, 2022, Defendant filed the previously mentioned Motion to Compel.  On April 29, 2022, the case was transferred to my Chambers.  On May 3, 2022, I ordered Plaintiff to respond to the Motion, which had gone unanswered.  ECF No. 22.

On May 10, 2022, Plaintiff responded, stating that the disputes in the Motion to Compel had been resolved.  ECF No. 23.  On May 18, 2022, Plaintiff responded to Defendant's Interrogatories.  ECF No. 29-2.  Therein, Plaintiff reiterated that as a result of the accident, she has left wrist and left shoulder pain which radiated to the left side of her neck.  She also noted some back stiffness "from jerking back and forth in [her] seat." *Id.* at 3.  All that said, Plaintiff conceded any injuries were not permanent, *id.* at 4, and made normal tasks more difficult for approximately eight weeks.  *Id.* at 5.  Regarding her left hand, Plaintiff conceded that the "accident likely aggravated . . . arthritis in [her] left hand." *Id.* at 4.  Additionally, Plaintiff admitted she had been in two prior car accidents:

> I have had two prior car accidents where I received treatment for soft tissue injuries.  I was a passenger in an automobile accident which was in 2015 and 2017 I believe.  I received treatment for whiplash focusing on my back, chest, and neck.  In 2015, I [was] treated down in Orlando, Florida, but I cannot recall the name or [contact] information.

*Id.* at 5.  That said, Plaintiff stated that she did not "believe [she] ha[d] ever received treatment relating to [her] left wrist and shoulder prior to this accident." *Id.* at 6.  Finally, Plaintiff noted that, in support of her claims, she would call treating providers from Rosa Rehab and Prince

---

[1] On July 29, 2021, the case was transferred to the Honorable Charles B. Day.  ECF No. 12.

3

George's Hospital. *See id.* at 3 (stating that she would call the treating providers named in her 10-104 Notice filed in state court); *see also* ECF No. 1-5, at 2. In response to a separate interrogatory asking for the names of her treating providers, she specifically mentioned "Dr. Tashakor of Rosa Rehab, LLC." ECF No. 29-2, at 5.

On August 18, 2022, Defendant deposed Plaintiff regarding the accident and her medical history. ECF No. 29-3. Plaintiff again admitted that in addition to the accident at the center of this case, she had been involved in two previous motor vehicle accidents. *Id.* at 10. As a result of the 2015 accident, Plaintiff injured her back and neck. *Id.* As a result of the second accident, Plaintiff experienced a serious case of whiplash, and received physical therapy. *Id.* at 3, 4, 10. When meeting with the therapist after the second accident, Plaintiff reported pain in her arm and shoulder. *Id.* at 8. Relying on this testimony, as well as Plaintiff's interrogatory responses, on February 15, 2023, Defendant filed the pending Motion for Summary Judgment, ECF No. 29, which has since been fully briefed. ECF Nos. 30, 31.

## STANDARD OF REVIEW

The Court will only grant a motion for summary judgment where there are no genuine issues of material fact and where the moving party is entitled to judgment as a matter of law. Fed R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If there are factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then the Court must deny the request for summary judgment. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co., Inc. v. Cameo Properties*, 810 F.2d. 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co., LTD.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950). The party moving for summary judgment bears the burden of showing

that there are no genuine issues of material fact. Fed. R. Civ. P. 56(a); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

## ANALYSIS

A plaintiff "alleging the tort of negligence must show: (1) that the defendant owed a duty to the plaintiff, (2) a breach of that duty occurred, and (3) an injury to the plaintiff that was proximately caused by the breach."[2] *Hedgepeth v. Whitman Walker Clinic*, 22 A.3d 789, 793 (D.C. 2011) (citing *District of Columbia v. Cooper*, 483 A.2d 317, 321 (D.C. 1984)). As Defendant's Motion focuses on the third element, I will limit my analysis accordingly.

### I.  Plaintiff Has Failed to Provide a Summary of Her Treating Physician's Opinions.

Under District of Columbia law, "[i]n cases presenting medically complicated questions of causation because of multiple and/or pre-existing causes for a plaintiff's injuries, expert testimony is required to avoid jury speculation." *Structural Pres. Sys., Inc. v. Petty*, 927 A.2d 1069, 1075 (D.C. 2007) (citing *Baltimore v. B.F. Goodrich Co.*, 545 A.2d 1228, 1231 (D.C. 1988)). Absent expert testimony, a jury may only consider the causal connection between a defendant's negligence and plaintiff's injuries in the aforementioned cases if "(1) the [injury] first emerged coincidentally with or very soon after the negligent act, or (2) the [injury] was of a type which by its very nature reflected its cause, or (3) the cause of the injury related to matters of common experience, knowledge, or observation of laymen." *Id.* at 1075-76 (quoting *Early v. Wagner*, 391 A.2d 252, 254 (D.C. 1978)). This is because a plaintiff may only recover "for such increased or augmented

---

[2] The parties do not dispute that, as the accident occurred in the District of Columbia, the case is governed by D.C. law. *See* ECF No. 29-8, at 5 ("Plaintiff alleges that she was injured in a motor vehicle accident in the District of Columbia. Under the rule of *lex loci delicti*, District of Columbia law governs the adjudication of Plaintiff's claim."); ECF No. 30-1 (citing District of Columbia caselaw and not disputing Defendant's choice of law argument).

sufferings as were the natural and proximate result of the negligent act[.]" *Williams v. Patterson*, 681 A.2d 1147, 1150 (D.C. 1996).

Plaintiff does not dispute that she has failed to designate an expert under Federal Rule of Civil Procedure 26(a)(2)(B), despite Plaintiff's testimony that she had previously suffered injuries to the same parts of her body allegedly injured during the accident in this case. Nonetheless, Plaintiff argues that her treating physician can establish causation, and as a hybrid witness, he need not provide a complete expert report. ECF No. 30-1, at 1-2. Plaintiff's argument, however, overlooks that she must provide a summary of opinions for a treating physician she intends to present at trial.

The scope of the disclosure required under the Federal Rules of Civil Procedure depends on whether the persons are expert witnesses "retained or specially employed to provide expert testimony" or whether the witnesses are "hybrid fact/expert witness pursuant to Fed. R. Civ. P. 26(a)(2)(A)." Loc. R. 104.10 (D. Md. 2021); *Fields v. Allstate Corp.*, No. CBD–11–653, 2012 WL 1792639, at *2 (D. Md. May 15, 2012). "Experts that are specially retained are governed by Rule 26(a)(2)(B), while hybrid witnesses such as treating physicians are governed by Rule 26(a)(2)(C)." *Ace American Insurance Co. v. McDonald's Corp.*, No. GLR-11-3150, 2012 WL 2523883, at *3 (D. Md. Jun. 28, 2012); *see Barnes v. Costco Wholesale Corp.*, No. JKB-18-3377, 2019 WL 3767506, at *2 (D. Md. Aug. 9, 2019) ("[The]testimony [of treating physicians] is subject to the summary disclosure requirements of Rule 26(a)(2)(C). . . . This is because the testimony of treating physicians as to facts and opinions concerning their treatment, such as diagnosis etc., is necessarily based on their specialized knowledge as physicians."); *Id.* ("Barnes's explanation for her cursory disclosures is that these witnesses are not retained experts and their testimony will be limited to facts and observations learned during their treatment of her. . . . That

6

may be true. But that does not exempt their testimony from the summary report requirements of Rule 26(a)(2)(C)").

This Court has previously summarized what is required of the latter:

> Treating physicians are recognized as hybrid fact/expert witnesses and, generally, are not required to provide a Rule 26(a)(2) expert report. Since December 2010, however, Rule 26(a)(2)(C) requires that disclosure of hybrid fact/expert witnesses must include more than mere identification. Rule 26(a)(2)(C) expanded the disclosures required for Rule 26(a)(2)(A) witnesses to include a disclosure of 'the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705,' as well as 'a summary of the facts and opinions to which the witness is expected to testify.'

*Ace American Insurance Co.*, 2012 WL 2523883, at *3 (internal citations and quotation marks omitted). "This disclosure is considerably less extensive than the report required by Rule 26(a)(2)(B)" and does not require "undue detail," Fed. R. Civ. P. 26(a)(2)(C) Advisory Committee's Note to 2010 Amendment, but requires more than "vague generalizations" as to the subject matter of the opinions of the witness. *Keralink, Int'l v. Stradis Healthcare, LLC*, No. CCB-18-2013, 2021 WL 1198150, at *2 (D. Md. Mar. 30, 2021) (quoting *Meredith v. Int'l Marine Underwriters*, No. JKB-10-837, 2011 WL 1466436, at *7 (D. Md. Apr. 18, 2011)). "The [c]ourt understands the rule's reference to 'facts' to include those facts upon which the witness' opinions are based, and 'opinions' to include a precise description of the opinion." *Id.*

Although Plaintiff concedes that she was required to disclose a summary of her expert's opinions,[3] she fails to identify any time when such a summary was disclosed. Read generously,

---

[3] Admittedly, Plaintiff's briefing is somewhat inconsistent on this point. Although Plaintiff's Opposition opens by conceding that as a hybrid fact and expert witness, Plaintiff must have provided a summary of her opinions, ECF No. 30-1, at 2, she later argues that because Dr. Tashakor is a fact witness, he is exempt from any expert disclosure requirements. *See id.* at 6 ("Given treating physicians do not need to be names as expert witnesse[s] because they will testify as a fact

Plaintiff's Opposition seems to be presenting two alternative arguments as to why she has satisfied the Rule. *See* ECF No. 30-1, at 5 ("Dr. Tashakor does not need to be named as an expert in this action, and WMATA has been on notice of his existence since June 2021."); *E.g. id.*; ("[Plaintiff's] testimony is confirmed by Prince George's County Hospital Center Emergency Records . . . which reflect she presented two days post-accident."). Neither of these arguments are persuasive. First, contrary to Plaintiff's argument, to satisfy the Rule, the Plaintiff must do more than provide the Defendant notice of the treating physician's identity. *See Ace American Insurance Co.*, 2012 WL 2523883, at *4 ("The only information that Ace American disclosed regarding the treating physician was their identity and an address. . . . Thus, Ace American's Rule 26(a)(2) disclosures were incomplete because they failed to comply with Rule 26(a)(2)(C)."). Second, also contrary to Plaintiff's argument, simply providing the medical records from the treating provider is also insufficient where they fail to address all of the important aspects of the treating provider's testimony. As Defendant highlights, the records produced fail to address the relationship, if any, between Plaintiff's present injuries and her previous conditions – the precise reason the treating provider's testimony is needed. Accordingly, in this case, merely providing the records is insufficient to satisfy Rule 26(a)(2)(C). *See Barnes*, 2019 WL 3767506, at *2 ("Barnes's disclosures for P.A. Juhaszova, Dr. Schaefer, Dr. Hill, Dr. Webber, and Dr. Boyd do not contain the information required by Rule 26(a)(2)(C). . . She merely provides the same vague description of their testimony: 'Medical facts and opinions concerning examination, diagnosis, care, treatment, or evaluation of Plaintiff.'"); *Grant v. Lowe's Home Centers, LLC*, No. 9:20-cv-00764-DCN, 2021 WL 5882005, at *7 (D.S.C. Apr. 8, 2021) ("The Grants generally only provide that the physicians

---

witness – WMATA's Motion for Summary Judgment must be denied."). As noted above, this Court has summarily rejected the second argument.

'will state [their] opinions in regard to diagnosis, causation, treatment, and prognosis of Plaintiff Jerry Grant's injuries.' . . . While the disclosure informs Lowe's of the subject matter about which the physicians will testify, . . . there is no indication of what opinions the physicians would offer regarding causation, treatment, and prognosis. Numerous courts have found similar disclosures to be insufficient under Rule 26(a)(2)(C).").

**II.  Plaintiff Shall be Granted Leave to Provide a Summary of Dr. Tashakor's Opinions and Defendant Shall be Granted Leave to Depose Dr. Tashakor.**

Having determined that Plaintiff's expert disclosure was insufficient, the Court now turns to the more complicated question of the proper remedy for Plaintiff's failure to provide a summary of her expert's opinions. Before the Court can answer that question, it must first address the applicable standard to address such a failure.

**A.  The Applicable Federal Rule of Civil Procedure.**

Federal Rule of Civil Procedure 16(b)(4) provides that a "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Although Defendant argues that Plaintiff's proposed expert, as well as his testimony should be excluded because he has failed to show good cause to modify the Scheduling Order as Federal Rule of Civil Procedure 16(b)(4) requires, the question is not as straightforward as Defendant presents.[4] ECF No. 29-8, at 7.

---

[4] Several of the cases Defendant cites applying Rule 16(b) do not arise in the specific context of a plaintiff's failure to properly provide an expert disclosure, but involve more general requests to modify the scheduling order, and thus are not directly on point. *See* ECF No. 29-8, at 7-9; *Martinez v. U.S.*, 578 Fed.Appx. 192, 193 (4th Cir. 2014) (concerning untimely service of process); *Robinson v. Wix Filtration Corp., LLC*, 599 F.3d 403, 412 (4th Cir. 2010) ("Here, Appellant sought relief from the judgment under Rule 60(b)(1)"); *Thompson v. E.I. DuPont de Nemours & Co., Inc.*, 76 F.3d 530, 531-32 (4th Cir. 1996) (addressing motion for enlargement of time to file notice of appeal); *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 372-373 (D. Md. 2002) (addressing plaintiff's motion for leave to amend the complaint); *Barrette Outdoor Living, Inc. v. Iron World Mfg., LLC*,

On its face, Federal Rule of Civil Procedure 37(c)(1) is equally applicable to this case, in which Plaintiff attempts to rely on her treating physician Dr. Hooman Tashakor to defeat summary judgment, despite the fact that she has not disclosed a summary of his opinions as required by the Scheduling Order.  Pursuant to the Rule, "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).

Several courts have addressed the dual applicability of the two rules.  The vast majority have treated them as creating a two-part analysis.  First, the Court should look to whether Plaintiff has established good cause to modify the applicable scheduling order.  *See Vinson v. Michigan Dep't of Corrections*, No. 14-11130, 2018 WL 1312400, at *1 (E.D. Mich. Mar. 4, 2018) ("Judge Davis treated Plaintiff's request to belatedly name a vocational expert as one to modify the scheduling order.  Having done so, she found that Plaintiff was not diligent in naming an expert and therefore had not shown good cause for his failure to do so.").  If the Plaintiff has not, the analysis is not complete.  The court must next look to whether the Plaintiff should nonetheless be allowed to rely on the expert, if the failure to disclose was substantially justified or harmless.  *See Wong v. Regents of University of California*, 410 F.3d 1052, 1060–62 (9th Cir. 2005) (considering both Rule 16(b)(4) and Rule 37(c)(1) when a party had presented an undisclosed expert witness); *Specter v. Rainbow King Lodge, Inc.*, No. 3:17-cv-00194-TMB, 2021 WL 3005654, at *2 (D. Ak. Apr. 1, 2021) (applying both standards); *Vinson,* 2018 WL 1312400, at *2 ("According to Defendants, this is where the inquiry ends; Plaintiff's failure to show good cause prevents him

---

No. SAG-19-3027, 2020 WL 4133638, at *1 (D. Md. July 17, 2020) ("Barrette filed the instant Motion for Attorney's Fees and Costs on June 9, 2020, eight days after the deadline imposed by this Court.").

from using his untimely vocational expert. But this is not so. Magistrate Judge Davis correctly noted that Rule 37(c)(1) permits a party to use an undisclosed witness if the failure to disclose "was substantially justified or is harmless."); *J.F. by Sifuentes v. Abbott Laboratories, Inc.*, No. 14-CV-847-NJR-SCW, 2017 WL 992781, at *2 (S.D. Ill. Mar. 15, 2017) ("Courts faced with a similar motion to substitute an expert witness have found the two standards "coexistent."); *Balimunkwe v. Bank of America*, No. 1:14-cv-327, 2015 WL 5167632, at *5 (S.D. Ohio Sep. 3, 2015) ("The Court finds that exclusion of plaintiff s handwriting expert and the expert report are not warranted under either Rule 37(c)(1) or Rule 16(b)(4)."); *Schardine v. Estate of Fleming*, No. CV 13–63–BU–DWM–JCL, 2014 WL 2918420, at *3 (D. Mont. Jun. 26, 2014) ("Following the analytical framework of *Wong*, the Court finds that Schardine has not established the existence of "good cause" to extend the deadline for the disclosure of expert witnesses. And Schardine does not argue otherwise. The issue determinative of the Estate's motion then, is whether allowing the late disclosure of Mr. Sommers is "harmless" within the meaning of Rule 37(c)(1)."); *Hawkbeauchman v. Romo*, CV–13–57–GF–BMM–JTJ, 2015 WL 12780572, at *1-2 (D. Mont. Jan. 22, 2015) (same); *Ratcliff v. City of Red Lodge*, No. CV 12–79–BLG–DWM–JCL, 2013 WL 5817210, at *2-3 (D. Mont. Oct. 9, 2013) (same); *Kaeplinger v. Michelotti*, No. 17 CV 5847, 2021 WL 2633312, at *4 (N.D. Ill. Jun. 25, 2012) ("courts presented with motions to substitute an expert witness have found the Rule 16(b)(4) and Rule 37(c)(1) standards to be 'coexistent.'"). Although the United States Court of Appeals for the Fourth Circuit has not addressed the conflict, it has stated that "Rule 16 and Rules 26 through 37 are aimed at a common goal – providing the parties with enough information so that they may fully prepare themselves for trial[.]" *Rabb v. Amatex Corp.*, 769 F.2d 996, 999 (4th Cir. 1985).

Not all courts, however, have been satisfied with this approach; instead crafting a myriad of other tests to apply. The United States Court of Appeals for the Eighth Circuit has emphasized that Rule 16(b)(4) addresses a situation in which a Plaintiff sought leave to amend the schedule to allow disclosure of an expert, while Rule 37(c)(1) "addresses what to do if a party fails to disclose information as required by Rule 26(a) *and attempts to use that information on a motion, at a hearing, or at a trial.*" *Petrone v. Werner Enterprises Inc.*, 940 F.3d 425, 435 (8th Cir. 2019) (emphasis added). Similarly, at least one court has looked to whether the party has disclosed an expert after the deadline for the disclosure of experts, in which Rule 37(c)(1) would apply, or whether the party seeks to extend the deadline for designating experts "so they can timely designate an additional expert, if needed." *Simmons v. Corizon Health, Inc.*, 1:14cv730, 2016 WL 4537744, at *2 (M.D.N.C. Aug. 29, 2016). *See also id.* (applying Rule 16 because Plaintiff "seeks proactive approval of a supplemental designation in the wake of newly discovered evidence."). Other courts have incorporated Rule 16's requirement of good cause into an assessment of whether the exclusion was substantially justified or harmless under Rule 37. *See Mansur Properties, LLC v. First American Title Insurance Comp.*, No. C21-05491-LK, 2022 WL 10428119, at *10 (W. D. Wash. Oct. 18, 2022) (excluding expert report because party "offer[ed] no explanation for its untimely disclosure, and it has never moved to extend the disclosure deadline."). Finally, some courts have noted that while both rules may be applicable, in particular cases, the applicable standard they create is the same. *See Tetzlaff v. Educational Credit Management Corp.*, 521 B.R. 875, 879 n. 1 (E.D. Wisc. 2014) ("in this case there is no meaningful difference between the good-cause standard of Rule 16(b)(4) and the substantially justified standard of Rule 37(c)(1).").

The U.S. District Court for the Northern District of Illinois, summarizing many of these decisions, ultimately determined that where the question involved the failure to disclose an expert

12

witness, Federal Rule of Civil Procedure 37(c)(1) provides the applicable standard. The court explained:

> The Court chooses to rely on Rule 37(c) for four reasons. First, the text of Rules 26 and 37 suggest that Rule 37 is the more applicable rule. Rule 26(a)(2)(D) provides the time for disclosing retained expert opinions: "A party must make these disclosures at the times and in the sequence that the court orders." Building upon Rule 26(a)(2)(D), Rule 37(c)(1) states that if a party fails to identify a witness as required by Rule 26(a) – which is what happened here – the party cannot use the witness, absent substantial justification or lack of harm. Second, Rule 37 is the more specific provision. Rule 37(c)(1) specifically addresses the failure to identify a witness as required by Rule 26(a), precisely the issue here. Third, case law supports reliance on Rule 37(c) as the basis for the sanctions. These cases often cite to, and to some extent rely upon Rule 16, but their primary focus and ultimate rationale is Rule 37. Fourth, no case law exclusively relies on Rule 16's "good cause" standard under these circumstances. Defendants did not cite to any case involving the failure to timely disclose an expert witness that relied exclusively on Rule 16, and the Court was unable to locate any case.

*McCann v. Cullinan*, No. 11 CV 50125, 2015 WL 4254226, at *12 (N.D. Ill. Jul. 14, 2015) (internal citations omitted); *see also Garcia v. GGC*, No. 17 CV 50003, 2019 WL 5586645, at *2 (N.D. Ill. Jul. 16, 2019) ("And when the extension is sought for a scheduling order's deadline to disclose the report of a retained expert, Rule 37(c)(1) is the more specific provision compared to Rule 16(b)(4). . . . Accordingly, the plaintiff's failure to produce his expert's report by the March 8, 2019, deadline, and the consequences that flow from that failure, are governed by Rule 37(c)(1).").

Finally, although, the precedent from this Court is limited, it has recognized that "under both 16(f)", which governs the sanction for failing to comply with a discovery order, "and 37(c), courts apply the same analysis and consider the five factors articulated [to address whether the failure was substantially justified or harmless]." *Mayor and City Council of Baltimore v. Unisys*

*Corp.*, No. JKB–12–cv–614, 2013 WL 4784118, at *2 (D. Md. Sep. 5, 2013); *Doe v. AE Outfitters Retail Co.*, No. WDQ–14–0508, 2015 WL 132609, at *3 n. 4 (D. Md. Jan. 8, 2015) (same). Accordingly, where a plaintiff, as here, has identified an expert, and seeks to rely on them, despite failing to properly disclose their opinions, the Court has analyzed whether the disclosure was substantially justified or harmless under Rule 37. *See Pennington Partners, LLC v. Midwest Steel Holding, Co.*, 271 F.R.D. 462, 462 (D. Md. 2010); *Prusin v. Canton's Pearl's, LLC*, No. JKB-16-605, 2017 WL 3492163, at *3-*5 (D. Md. Aug. 15, 2017); *Unisys Corp.*, 2013 WL 4784118, at *4-*5; *Ace American Insurance Co.*, 2012 WL 2523883, at *3-*5; *Khosmukhamedov v. Potomac Elec. Power Co.*, No. AW-11-449, 2012 WL 1670152, at *3-*4 (D. Md. May 11, 2012). Conversely, where a plaintiff seeks leave to amend a scheduling order to add an unnamed expert, the court has required them to satisfy Rule 16(b). *See Neal v. United States*, 599 F.Supp.3d 270, 299 (D. Md. 2022) ("To the extent that expert testimony is required, the question is whether the Government is entitled to summary judgment or, instead, whether Neal should be provided time to designate an expert, as she requests.").

Taking into consideration the specific issue before the Court – whether Plaintiff should be allowed to rely on the testimony of her treating physician, who she has identified, despite failing to provide a summary of his opinions; the approach of the majority of courts that such requests may be granted if they satisfy either Rule 16(b) or 37(c); that Rule 37(c) more specifically addresses untimely expert disclosures; and that, as discussed below, good cause is one consideration the Fourth Circuit has directed courts should consider when deciding whether a late disclosure was substantially justified or harmless, the Court concludes that Rule 37(c)(1) is applicable to this case.

    **B.  The Analysis Under Rule 37(c)(1).**

"[T]he central purpose of Rule 37(c)(1) is to prevent last minute surprise to an opposing party." *SAS Institute Inc. v. Akin Gump Strauss Hauer & Field, LLP*, No. 5:10-CV-101-H, 2012 WL 12914641, at *4 (E.D.N.C. Dec. 11, 2012). "If a party provides untimely or inadequate expert disclosures, Rule 37(c)(1) states that 'the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.'" *Ace American Insurance Co.*, 2012 WL 2523883, at *4 (quoting Fed. R. Civ. P. 37(c)(1)). District courts have broad discretion in determining whether to allow a supplemental disclosure, but their decision is guided by:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non[-]disclosing party's explanation for its failure to disclose the evidence.

*Southern States Rack And Fixture, Inc. v. Sherwin-Williams Co.,* 318 F.3d 592, 597 (4th Cir. 2003); *Callahan v. Toys "R" Us-Delaware, Inc.*, No. 15-2815-JKB, 2016 WL 2866855, at *4 (D. Md. May 17, 2016) ("District courts are given 'particularly wide latitude' when exercising their discretion to issue sanctions under Rule 37(c)(1)." (quoting *Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 278-79 (4th Cir. 2005))).

The majority of factors weigh in favor of allowing Plaintiff the opportunity to supplement the record. Although Plaintiff's citation to her treating physician was insufficient to satisfy Federal Rule of Civil Procedure 26(a)(2)(C), the notice is relevant as to whether Plaintiff's reliance on the doctor would "surprise" Defendant. As Plaintiff notes, the original complaint was filed in Maryland state court on August 21, 2020, and was accompanied by Plaintiff's § 10-104 Notice of Intent to Rely on Medical Records which included reference to the treating records of Plaintiff from Rosa Rehab, where Dr. Tashakor works. *See* ECF No. 1-5 (referencing an intent to introduce

medical records from Rosa Rehab). "On June 16, 2021, the Notice of Removal was docketed including Plaintiff's Notice of 10-104."[5] ECF No. 30-1, at 2, n.1. Furthermore, Plaintiff specifically mentioned Dr. Tashakor in response to an interrogatory asking for the names of physicians who had treated her for previous injuries and reserved the right to call each treating provider. ECF No. 29-2, at 3, 5.

Additionally, to the extent that Plaintiff's reliance on Dr. Tashakor would cause surprise to Defendant, any such surprise could be addressed through a brief extension of the discovery period. Plaintiff shall provide a summary of Dr. Tashakor's opinions to be presented at trial within twenty-one days of this Opinion and Dr. Tashakor shall make himself available for deposition within thirty days thereafter. *AE Outfitters Retail Co.*, 2015 WL 132609, at *5 ("Having considered the *Southern States* factors, I find that Ms. Doe's late rebuttal disclosures stand to harm AE, but that the late disclosures are rendered harmless by a minor modification to the scheduling order, which is set forth below."); *Unisys Corp.*, 2013 WL 4784118, at *5 ("Given the broad discretion district courts have in weighing these factors, the appropriate resolution in this case is to treat the City's disclosure of its damages expert as an untimely Rule 26(a)(2) disclosure that can be rendered harmless by a modification of the schedule. I will grant Unisys 30 days to conduct additional discovery related to Staller's report, and to submit a report in rebuttal."). This brief extension of approximately two months in total will not disrupt trial, as no trial date has been set.

The Court recognizes that the case has been previously delayed, but this does not automatically merit denial of an opportunity to supplement. *Prusin*, 2017 WL 3492163, at *5

---

[5] Plaintiff's argument, however, is undercut by the fact that her 10-104 Notice specifically indicated an intent to introduce the record without the testimony of a physician. ECF No. 1-5, at 2. Were it not for the interrogatory response referencing Dr. Tashakor, and a separate response reserving the right to call each treating provider, this factor may have weighed in favor of Defendant.

("[T]he appropriate resolution in this case is to treat Mr. Pelura's supplemental report as an improper Rule 26(e) disclosure that can be rectified by a modification of the schedule. The Court is mindful that the discovery deadlines have been modified several times in this matter. . . . However, a brief extension of the discovery period to permit Plaintiff an opportunity to depose Mr. Pelura or to provide further expert supplementation will not disrupt the trial, because there is no scheduled trial date.").

Such an extension is made all the more appropriate by the fact that the information is directly relevant to the case. As noted above, without the evidence, the jury would not have sufficient means to determine whether Plaintiff's complained of injuries were the result of the accident at the center of this case or of other pre-existing conditions.[6] *See Unisys Corp.*, 2013 WL 4784118, at *5 (ordering modification of schedule to address untimely expert disclosure where "a wholesale exclusion of the City's only damages expert would utterly hamstring the City's ability to prove its case.").

Finally, although Plaintiff's failure to provide an explanation for its failure to provide a summary of Dr. Tashakor's opinions cuts against her, this alone is not a basis to deny her the opportunity to supplement the record, and in turn, dismiss her case in its entirety. *See Bruce v. Classic Carrier, Inc.*, No. 1:11-cv-01472-JEC-JCF, 2012 WL 12835705, at *4 (N. D. Ga. Oct. 31, 2012) ("Plaintiff's disclosure did not provide any facts or the summary of any opinions and therefore was not in compliance with the Rule. This may be undesired, but it probably is not unusual, as Rule 26(a) disclosures have long been recognized as a 'trap for the unwary.'").

---

[6] Defendant also argues that Dr. Tashakor's testimony would be futile because the records from his treatment do not specifically address Plaintiff's prior conditions. ECF No. 29-8, at 9. Absent a summary of Dr. Tashakor's opinions or a deposition of him, the Court has an insufficient basis to conclusively make this determination. Further, as noted in Plaintiff's interrogatory responses, Dr. Tashakor treated Plaintiff for her injuries from her second accident. ECF No. 29-2, at 5.

"This ruling is consistent with several cases in this circuit where, after balancing the *Southern States* factors, courts have declined to automatically exclude the non-disclosing party's expert witness pursuant to Rule 37(c)." *Prusin*, 2017 WL 3492163, at *5; *see also Ace American Insurance Co.*, 2012 WL 2523883, at *4-5 (finding the plaintiff's 26(a)(2) disclosures were untimely and incomplete, but substantially justified or harmless because the disclosures were essential to the plaintiff's case); *Pennington Partners*, 271 F.R.D. at 464 ("Given that the trial has not yet been scheduled, and that affording the Plaintiffs the opportunity to have additional discovery of Buchanan's and Taiwo's supplemental opinions is an available option, however unsatisfactory it is to – yet again – extend discovery, it is clear to me, under the factors articulated in *Southern States*, . . . that is the appropriate thing to do."); *Khosmukhamedov*, 2012 WL 1670152, at *4 (finding that the plaintiffs' untimely disclosed expert report was harmless because the plaintiffs could cure the failure, the new evidence would not disrupt trial, and the evidence was important to the plaintiffs' case); *Kobe v. Haley*, No. 3:11–1146–TMC, 2013 WL 4067921, at *4-5 (D.S.C. Aug. 12, 2013) ("Here, these factors weigh against excluding these witnesses. While Plaintiffs did not identify or file the required disclosures, Defendants were aware of these six witnesses and the Plaintiffs can cure their failure to comply with Rule 26(a)(2)(C). . . . Most courts in similar situations have permitted the non-compliant party an opportunity to provide the required report and the moving party an opportunity to depose the witness.").

## CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Judgment shall be denied without prejudice. Plaintiff shall provide a summary of expert opinions as required by Federal Rule of Civil Procedure 26(a)(2)(C) within twenty-one days, and make Dr. Tashakor available for a deposition within thirty days thereafter. Once this has been done, Defendant may either designate

its own expert, or re-file its Motion for Summary Judgment, raising the same arguments herein and any additional arguments it believes appropriate.

So ordered.

Date:   May 30, 2023                                              /s/
                                                          Ajmel A. Quereshi
                                                          United States Magistrate Judge