IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
MARYLAND
(SOUTHERN DIVISION)

| | | |
|---|---|---|
| KIM LONDON | * | |
| Plaintiff, | * | |
| v. | * | Case No. 8:21-cv-01497-AAQ |
| | * | |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, *et al.*, | * | |
| Defendants. | * | |

**MEMORANDUM OPINION AND ORDER**

This is a case concerning a woman who was seated in a vehicle which was side-swiped by a public bus. Pending before the Court is Defendant Washington Metropolitan Area Transit Authority's Renewed Motion for Summary Judgment, ECF No. 33, and Motion to Strike Plaintiff's Designation of an Expert Witness. ECF No. 36. For the reasons discussed below, Defendant's Renewed Motion for Summary Judgment shall be granted, and Defendant's Motion to Strike shall be denied, as moot.

On February 15, 2023, Defendant moved for summary judgment on the basis that: 1) Plaintiff was required to rely on expert testimony given the facts of the case, ECF No. 29-8, at 5; and 2) Plaintiff had failed to properly designate an expert, ECF No. 31, at 3. The Court agreed that Plaintiff was required to rely on expert testimony given the nature of the case, but denied summary judgment without prejudice because Plaintiff, albeit belatedly, had made clear that she intended to rely on the testimony of a treating physician. ECF No. 32, at 16. The Court recognized, however, that Plaintiff had failed to provide a summary of expert opinions for a treating physician

1

as the Federal Rules of Civil Procedure require. *Id.* at 7. Nonetheless, the Court granted Plaintiff leave to provide a summary of expert opinions within twenty-one days, recognizing the lack of prejudice to Defendant from a short delay. *Id.* at 16, 18.

Further, the court provided Plaintiff specific direction, highlighting examples of what would be insufficient:

> "This disclosure is considerably less extensive than the report required by Rule 26(a)(2)(B)" and does not require "undue detail," Fed. R. Civ. P. 26(a)(2)(C) Advisory Committee's Note to 2010 Amendment, **but requires more than "vague generalizations" as to the subject matter of the opinions of the witness**. *Keralink, Int'l v. Stradis Healthcare, LLC*, No. CCB-18-2013, 2021 WL 1198150, at *2 (D. Md. Mar. 30, 2021) (quoting *Meredith v. Int'l Marine Underwriters*, No. JKB-10-837, 2011 WL 1466436, at *7 (D. Md. Apr. 18, 2011)). "The [c]ourt understands the rule's reference to 'facts' to include those facts upon which the witness' opinions are based, and 'opinions' to include a precise description of the opinion." *Id.*

ECF No. 32, at 7 (emphasis added); *see also id.* at 8-9 (citing *Barnes*, 2019 WL 3767506, at *2 ("Barnes's disclosures for P.A. Juhaszova, Dr. Schaefer, Dr. Hill, Dr. Webber, and Dr. Boyd do not contain the information required by Rule 26(a)(2)(C). . . She merely provides the same vague description of their testimony: 'Medical facts and opinions concerning examination, diagnosis, care, treatment, or evaluation of Plaintiff.'"); *Grant v. Lowe's Home Centers, LLC*, No. 9:20-cv-00764-DCN, 2021 WL 5882005, at *7 (D.S.C. Apr. 8, 2021) ("The Grants generally only provide that the physicians 'will state [their] opinions in regard to diagnosis, causation, treatment, and prognosis of Plaintiff Jerry Grant's injuries.' . . . While the disclosure informs Lowe's of the subject matter about which the physicians will testify, . . . there is no indication of what opinions the physicians would offer regarding causation, treatment, and prognosis. Numerous courts have found similar disclosures to be insufficient under Rule 26(a)(2)(C).")).

Plaintiff's expert designation is deficient in two important regards. First, Plaintiff failed to make any filing, as the Court ordered, within twenty-one days. Second, and more significantly, Plaintiff's filing fails to provide any of the detail required of a summary of expert opinions to be provided at trial. Rather, it simply states that "Plaintiff's expert will testify as to the causation, nature, and extent of injuries sustained by the Plaintiff following the automobile examination" and the "reasonableness . . . of the . . . treatment" based on "his examination of Plaintiff, treatment of the Plaintiff, review of past medical record" and those "uncovered in discovery." ECF No. 34, at 1. This description includes no facts, and cannot be characterized as providing a "precise" opinion. Rather, it mirrors designations from the cases the Court previously cited as being insufficiently vague.

Given Plaintiff's failure to comply with Federal Rule of Civil Procedure 26(a)(2)(C), despite the Court's grant of leave to provide a supplemental summary, the Court grants Defendant's Renewed Motion for Summary Judgment. Because the Court finds Plaintiff's belated designation to be insufficient, Defendant's Motion to Strike is moot. The Clerk is directed to close this case.

So ordered.

Date:   September 21, 2023                                    /s/
                                                             Ajmel A. Quereshi
                                                             United States Magistrate Judge